# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## DOCKETING STATEMENT

**Case Number:** 2026-1918

**Short Case Caption:** Hammerless Tools LLC v. Clausen

**Filing Party** Defendant-Appellant Jonathan Clausen

**Instructions.** Complete each section or check the box if a section is intentionally blank or not applicable. Attach additional pages as needed. An amended docketing statement is required for each new appeal or cross-appeal consolidated after the first filing.

**Issues to be raised on appeal:**

See attached Insert A.

**Relief awarded below (if damages, specify):** ☐ None/Not Applicable

There is no final judgment yet against Defendant-Appellant Jonathan Clausen. There is a preliminary injunction against him which he sought to vacate in the motion denied by the District Court. A non-final judgment in the amount of $824.964.30 plus interest and a permanent injunction have been entered against the company defendants in the underlying matter; the company defendants have not yet appealed from that award and injunction.

**Briefly describe the judgment/order appealed from:**

So much of the order (ECF No. 127) as denied Defendant-Appellant Jonathan Clausen's motion (ECF No. 101) to vacate and dismiss nunc pro tunc, without prejudice, all claims, motions, orders, and proceedings against him as violative of 11 U.S.C. Section 362(a)(1). The motion to vacate was denied on April 29, 2026 in ECF No. 127.

| Nature of Judgment (select one:) | Date of Judgment: April 29, 2026 |
|---|---|
| ☐ Final Judgment, 28 USC § 1295 <br> ☐ Rule 54(b) <br> ☑ Interlocutory Order (specify type)    _Order denying dissolution of a preliminary injunction._ <br> ☐ Other (explain) _____ | |

Date: 6/23/2026

Signature: /s/ Stephen L. Sulzer

Name: Stephen L. Sulzer

INSERT A

1. Whether the District Court committed reversible error in entering an order (ECF No. 127) denying Defendant-Appellant Jonathan Clausen's motion to vacate (ECF No. 101).

2. Whether the District Court acted without subject matter jurisdiction and committed reversible error by entering an order on February 21, 2025 (ECF No. 41) staying its proceedings notwithstanding that the plaintiffs' complaint was filed after a Chapter 13 bankruptcy had been commenced by Defendant-Appellant Jonathan Clausen and was still pending.

3. Whether the District Court acted without subject matter jurisdiction, usurped the jurisdiction of the bankruptcy court, and committed reversible error (a) by entering ECF No. 127 and an order on September 22, 2025 (ECF No. 52) lifting its stay, effectively granting the plaintiffs retroactive relief from the automatic stay after the bankruptcy proceeding had been dismissed, and (b) effectively annulling the bankruptcy automatic stay without proper exercise of bankruptcy jurisdiction, including the absence of express withdrawal pursuant to 11 U.S.C. Section 157 of the reference to bankruptcy judges of the district provided by Local Civil Rule 83.5 of the District Court, the absence of any express motion or cross-motion of any party, and the absence of "cause shown" with the bankruptcy case having been dismissed months previously.

4. Whether the District Court committed reversible in relying on the equitable doctrine of judicial estoppel to validate retroactively post-petition claims against an individual defendant notwithstanding the existence of a governing statutory framework including 11 U.S.C. Section 362(a)(1).

# CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System and served a true and correct copy of the foregoing by email to counsel for Plaintiffs-Appellees Hammerless Tools LLC and Eight Eighteen LLC as set forth below:

Caleb Hatch, WSBA #51292
Johanna R. Tomlinson, WSBA #57582
Lee & Hayes, P.C.
601 W. Riverside Ave., Suite 1400
Spokane, WA 99201
Email: caleb.hatch@leehayes.com
Email: johanna.tomlinson@leehayes.com

Signed at Reston, Virginia this 23rd day of June 2026.

/s/ Stephen L. Sulzer
Stephen L. Sulzer