Docket No. 2026-1918

IN THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT
Washington, D.C.

---

HAMMERLESS TOOLS LLC, EIGHT EIGHTEEN LLC,
Plaintiffs-Appellees

v.

JONATHAN CLAUSEN,
Defendant-Appellant

CLAUSEN INC., AR-TT LLC, LILAC CITY LLC,
Defendants

On Appeal from the United States District Court for the Eastern District of Washington, Case No. 2:23-cv-00413-SAB, Hon. Stanley A. Bastian, Chief Judge

---

# (CORRECTED) PRINCIPAL BRIEF OF APPELLEES HAMMERLESS TOOLS, LLC AND EIGHT EIGHTEEN LLC

---

Caleb Hatch, WSBA #51292
*Attorney for Appellees*

Lee & Hayes, PC
601 W. Riverside Ave, Ste 1400
Spokane, WA 99201
(509) 944-4655
caleb.hatch@leehayes.com

## CERTIFICATE OF INTEREST

Pursuant to Federal Circuit Rule 47.4, Plaintiffs-Appellees Hammerless Tools, LLC and Eight Eighteen, LLC, through their counsel, submit this certificate of interest.

1) The undersigned counsel represents Hammerless Tools LLC and Eight Eighteen LLC (Plaintiffs-Appellees or "Hammerless").

2) Hammerless Tools LLC and Eight Eighteen LLC are the real parties in interest.

3) There are no parent corporations or publicly held companies that own 10% or more stock in the Plaintiffs-Appellees entities.

4) The law firm of Lee & Hayes, PC, and attorneys Caleb Hatch and Johanna Tomlinson, are the legal representatives that have appeared for Plaintiffs-Appellees in the originating court and Caleb Hatch has appeared for Plaintiffs-Appellees in this court.

5) The undersigned counsel is unaware of any related or prior cases other than the originating case number, that meets the criteria in Federal Circuit Rule 47.5.

6) There is no information to provide as required under Fed. R. App. P. 26.1(b).

I hereby certify that the foregoing information is accurate and complete to the best of my knowledge.

Dated: October 13, 2026

Respectfully submitted,

______________________________

Caleb Hatch, WSBA #51292

Attorney for Plaintiffs-Appellees

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................ v

STATEMENT OF RELATED CASES ........................................................ 1

JURISDICTIONAL STATEMENT ........................................................... 1

STATEMENT OF THE ISSUES ................................................................ 2

STATEMENT OF FACTS ........................................................................ 3

a. The Prior Litigation, Settlement, and Clausen's Breach ........................ 3

b. The Complaint, the Undisclosed Bankruptcy Petition, and Two Months of Litigation ........................................................................ 5

c. Notice of the Bankruptcy, Clausen's Request for a Stay, and Plaintiffs-Appellees' Compliance .................................................... 6

d. Dismissal of the Bankruptcy and the Lifting of the Stay ........................ 7

e. The Renewed Motion for Preliminary Injunction, Built on Independent, Post-Dismissal Evidence .................................................. 8

f. The Preliminary Injunction, Default, and Permanent Injunction ........... 9

g. New Counsel, the Motion to Vacate, and the Order on Appeal ........... 10

SUMMARY OF THE ARGUMENT ...................................................... 11

ARGUMENT ......................................................................................... 13

A. Standard of Review ........................................................................ 13

B. This Court Lacks Jurisdiction to Determine Clausen's Appeal ........... 15

C. Clausen's Conduct Forecloses the Relief He Seeks ............................. 18

D. Clausen's Referral Argument Rests on a Reference That Never Existed ......................................................................................... 24

1. This Action Was Never Referred, So There Was Nothing to Withdraw ....... 24

2. Canter and Simmons Involved Withdrawal From Matters Already Pending Before a Bankruptcy Judge ....... 25

3. The District Court Had Independent Jurisdiction to Determine Whether the Stay Applied to Its Own Docket ....... 26

4. The District Court's Order Does Not Require Resolving Who Held Annulment Authority ....... 26

E. Clausen Had Notice of, and a Full Opportunity to Oppose, the Relief the District Court Granted ....... 27

1. Plaintiffs-Appellees' Opposition Expressly Sought the Relief the District Court Granted ....... 28

2. Clausen Forfeited Any Objection to the Absence of a Separate Hearing by Never Requesting One ....... 29

3. Any Failure to File a Separate, Freestanding Motion to Annul Was Harmless ....... 29

F. *Law v. Siegel* Does Not Bar a Doctrine It Never Addresses ....... 30

G. Disagreement with Adverse Rulings Is Not Grounds for Reassignment ....... 32

CONCLUSION ....... 35

CERTIFICATE OF SERVICE ....... 36

CERTIFICATE OF COMPLIANCE ....... 37

# TABLE OF AUTHORITIES

## Cases

*Arnold v. Garlock Inc.*,
288 F.3d 234 (5th Cir. 2002) ....................................................................26

*Carson v. Am. Brands, Inc.*,
450 U.S. 79, 101 S. Ct. 993, 67 L. Ed. 2d 59 (1981).......................................15

*Colon v. Rivera (In re Colon)*,
265 B.R. 639 (B.A.P. 1st Cir. 2001)........................................................ 28, 29

*Curtis v. Shpak (In re Curtis)*,
571 B.R. 441 (B.A.P. 9th Cir. 2017) ....................................................... 14, 24

*Dam v. Waldron*,
No. 25-2459, 2026 U.S. App. LEXIS 8117 (9th Cir. Mar. 19, 2026)... 18, 19, 23

*Dam v. Waldron*,
No. 2:24-CV-00417-SAB, 2025 U.S. Dist. LEXIS 68202 (E.D. Wash. Apr. 9, 2025)..............................................................................................18

*Entegris, Inc. v. Pall Corp.*,
490 F.3d 1340 (Fed. Cir. 2007) ..................................................................13

*Erlich v. Glasner*,
418 F.2d 226 (9th Cir. 1969) ....................................................................17

*Eskanos & Adler, P.C. v. Leetien*,
309 F.3d 1210 (9th Cir. 2002) ........................................................... 14, 22, 23

*In re Calder*,
907 F.2d 953 (10th Cir. 1990) ................................................................ 21, 27

*In re Canter*,
299 F.3d 1150 (9th Cir. 2002) ....................................................................25

*In re De Jesus Saez*,
721 F.2d 848 (1st Cir. 1983).......................................................................23

*In re Patel*,
142 F.4th 1313 (11th Cir. 2025) ..................................................................30

*In re Simmons*,
200 F.3d 738 (11th Cir. 2000) ....................................................................25

*Krechman v. County of Riverside*,
723 F.3d 1104 (9th Cir. 2013) ....................................................................33

*Law v. Siegel*,
571 U.S. 415, 134 S. Ct. 1188 (2014)....................................................... passim

*Living Designs, Inc. v. E.I. Dupont De Nemours & Co.*,
431 F.3d 353 (9th Cir. 2005) ......................................................................34

*Lomagno v. Salomon Bros. Realty Corp. (In re Lomagno)*,
320 B.R. 473 (B.A.P. 1st Cir. 2005)..................................................................23

*Manley v. Rowley*,
847 F.3d 705 (9th Cir. 2017) ......................................................................33

*McSherry v. City of Long Beach*,
423 F.3d 1015 (9th Cir. 2005) ................................................................. 33, 35

*Nat'l Env't Waste Corp. v. City of Riverside (In re Nat'l Env't Waste Corp.)*,
129 F.3d 1052 (9th Cir. 1997) ....................................................................14

*New Hampshire v. Maine*,
532 U.S. 742, 121 S. Ct. 1808 (2001)......................................................... 31, 32

*Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*,
458 U.S. 50 (1982).......................................................................................24

*Norwest Bank Worthington v. Ahlers*,
485 U.S. 197, 108 S. Ct. 963 (1988)......................................................... passim

*Nystrom v. TREX Co.*,
339 F.3d 1347 (Fed. Cir. 2003) ................................................................ 15, 16

*Orenshteyn v. Citrix Sys., Inc.*,
691 F.3d 1356 (Fed. Cir. 2012) ....................................................................15

*Pacetti v. United States*,
50 Fed. Cl. 239 (2001) ...................................................................................17

*Sawmill Prods., Inc. v. Cicero*,
477 F. Supp. 636 (N.D. Ill. 1979) ...................................................................17

*Smith v. Martin*,
542 F.2d 688 (6th Cir. 1976), *cert. denied*, 431 U.S. 905 (1977) ....................17

*Smith v. Mulvaney*,
827 F.2d 558 (9th Cir. 1987) .................................................... 14, 32, 33, 34

*TriMed, Inc. v. Stryker Corp.*,
608 F.3d 1333 (Fed. Cir. 2010) .................................................... 14, 32, 34

*Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*,
830 F.3d 1335 (Fed. Cir. 2016) ....................................................14

*VersaTop Support Sys., LLC v. Georgia Expo, Inc.*,
921 F.3d 1364 (Fed. Cir. 2019) ....................................................14

*Woodard v. Sage Prods.*,
818 F.2d 841 (Fed. Cir. 1987) ....................................................13

**Statutes**

11 U.S.C. § 102 ....................................................29

11 U.S.C. § 105 ....................................................31

11 U.S.C. § 362 .................................................... passim

28 U.S.C. § 157 .................................................... passim

28 U.S.C. § 1291 ....................................................16

28 U.S.C. § 1292 .................................................... passim

28 U.S.C. § 1295 .................................................... passim

28 U.S.C. § 1338 ....................................................1

28 U.S.C. § 2106 ....................................................14

28 U.S.C. § 2111 ....................................................30

**Rules**

Fed. R. App. P. 4 ....................................................1

Fed. R. Bankr. P. 4001 ....................................................30

Fed. R. Bankr. P. 9014 ....................................................30

Fed. R. Civ. P. 12 .......... 16

Fed. R. Civ. P. 54 .......... passim

Fed. R. Civ. P. 56 .......... 16

Fed. Cir. R. 47.5 .......... 1

E.D. Wash. LCivR 83.5 .......... 25

## STATEMENT OF RELATED CASES

Pursuant to Federal Circuit Rule 47.5(a)(1), the undersigned counsel for Plaintiffs-Appellees is aware of no other appeal in or from the same civil action, No. 2:23-CV-00413-SAB in the United States District Court for the Eastern District of Washington, that was previously before this or any other appellate court.

Pursuant to Federal Circuit Rule 47.5(a)(2), the undersigned counsel is aware of no case currently pending in this or any other tribunal that will directly affect or be directly affected by this Court's decision in this appeal.[1]

## JURISDICTIONAL STATEMENT

Plaintiffs-Appellees do not dispute that the District Court had subject matter jurisdiction under 28 U.S.C. § 1338, that this Court is the proper appellate forum under 28 U.S.C. §§ 1292(c)(1) and 1295(a)(1), or that the notice of appeal was timely filed under Federal Rule of Appellate Procedure 4(a)(1)(A).

Plaintiffs-Appellees disagree with the scope of jurisdiction Clausen claims under 28 U.S.C. § 1292(a)(1). Clausen identifies 28 U.S.C. §§ 1292(a)(1) and (c)(1), the interlocutory-injunction exception to the final-judgment rule, as the sole basis for

[1] Appellant identifies a bankruptcy case; however, that case is not pending as it has long since been dismissed, and will not directly affect or be directly affected by this Court's decision in this appeal.

this Court's jurisdiction over his appeal. That basis supports jurisdiction only over the District Court's refusal to dissolve or modify a preliminary injunction entered against Clausen individually; and only after the bankruptcy matter was dismissed and the stay lifted. It does not support jurisdiction over the remainder of the April 29, 2026 order, including the rulings on the automatic stay, retroactive annulment, withdrawal of the bankruptcy reference, and judicial estoppel, which Clausen also asks this Court to review. Those rulings are neither final under 28 U.S.C. § 1295(a)(1) nor independently appealable under § 1292.

## STATEMENT OF THE ISSUES

1. Whether this Court's jurisdiction under 28 U.S.C. § 1292(a)(1) extends beyond the preliminary injunction to reach the District Court's separate rulings on the automatic stay, annulment, and judicial estoppel.

2. Whether the District Court correctly declined to vacate proceedings Clausen asked it to stay, not dismiss, and actively litigated for months while concealing his own bankruptcy and after Clausen's requested stay was granted.

3. Whether withdrawal under 28 U.S.C. § 157(d) was required where this action was never referred to a bankruptcy judge in the first place.

4. Whether any procedural defect under 11 U.S.C. § 362(d) was harmless

where Plaintiffs-Appellees' opposition expressly requested the relief granted and Clausen had notice and an opportunity to respond.

5. Whether *Law v. Siegel* and *Ahlers* bar judicial estoppel, a general doctrine independent of the Bankruptcy Code, from applying to Clausen's inconsistent positions.

6. Whether reassignment is warranted where Clausen shows only disagreement with adverse rulings, not bias or a demonstrated pattern of abdicated judgment.

## STATEMENT OF FACTS

### a. The Prior Litigation, Settlement, and Clausen's Breach

Plaintiffs-Appellees Hammerless Tools, LLC and Eight Eighteen, LLC design, manufacture, and sell spring-driven hand tools marketed under the HAMMERLESS IMPACT TECHNOLOGY brand. Appx0481. In May 2021, Clausen approached Hammerless Tools' owner, James Goss, about using Goss's tool design on ArmaLite Rifle platform products, and Clausen subsequently became a reseller, among many, of Plaintiffs-Appellees' tools through his companies, AR-TT LLC and Lilac City, LLC. Appx0482. Clausen went on to register an unauthorized DBA, hittoolstore.com, represent himself on LinkedIn and to third parties as the owner of Hammerless Tools, and distribute marketing

materials containing Plaintiffs-Appellees' marks without authorization. Appx0483.

On August 29, 2023, Plaintiffs-Appellees filed suit against Clausen and his companies in Spokane County Superior Court for trademark infringement, false association, and related claims. Appx0106. The parties settled in June 2024. *Id.*; Appx0485. Under the settlement agreement, Clausen and the entity defendants agreed to immediately cease and remove all use of Plaintiffs-Appellees' marks, to cease representing themselves as owners of Hammerless Tools, and to destroy, and provide proof of destruction of, any unsaleable inventory not repurchased by Plaintiffs-Appellees. Appx0486. The parties filed a stipulated dismissal with prejudice on August 9, 2024. Appx0015.

Clausen and the entity defendants did not comply. Plaintiffs-Appellees' counsel notified Clausen and the entity defendants' counsel by email on July 30, 2024, of continued infringing content on Clausen and the entity defendants' websites and social media; neither Clausen nor his attorney responded. Appx0487. On September 16, 2024, Plaintiffs-Appellees' counsel sent a formal demand letter detailing Clausen and the entity defendants' ongoing and new breaches of the settlement agreement and new acts of trademark and design patent infringement. Appx0489. Clausen and the entity defendants did not come into compliance; instead, they began new and additional infringing uses and reuploaded material removed during the settlement negotiations. Appx0489-90.

### b. The Complaint, the Undisclosed Bankruptcy Petition, and Two Months of Litigation

Unbeknownst to Plaintiffs-Appellees and only weeks after the demand letter, on October 24, 2024, Clausen filed an individual Chapter 13 petition in the United States Bankruptcy Court for the Eastern District of Washington, No. 24-01739-FPC13. ECF No. 40, at 1-2.[2] Six weeks after that, on December 10, 2024, Plaintiffs-Appellees filed the Complaint in this action, together with a motion for a temporary restraining order and preliminary injunction. Appx0006-56; Appx103-119. Plaintiffs-Appellees had no knowledge of Clausen's bankruptcy at that time, and not until Clausen's counsel deigned to file a motion to stay the district court proceeding months later. Appx1123.

Clausen and the entity defendants appeared through counsel and litigated the case for the next two months, filing an answer and counterclaim on January 24,

[2] Clausen designated ECF Nos. 1-135 of the district court record for the appendix. However, the actual pagination he served under Fed. Cir. R. 30(b)(2)(A) omits multiple records, including at least ECF Nos. 13, 14, 15, 40, 42, 43, 44, 45, and 47. Clausen has completely omitted ECF No. 47, his own declaration; and substitutes only a PACER transaction receipt for multiple other records such as ECF No. 40, his Notice of Pending Bankruptcy and request for a stay. Where records have not been omitted from the pagination, Plaintiffs-Appellees therefore cite those documents by district court docket number and page, as the original documents. *See* Fed. R. App. P. 28(e) (reference to an unreproduced part of the record "must be to the page of the original document"). On October 2, 2026, Plaintiffs-Appellees' counsel requested a corrected designation and pagination by October 5, 2026, and also noted that the PDFs (which Clausen sent cut into in multiple PDFs in multiple emails rather than a single link to the records or PDF) are not text readable. Appellant has not provided a corrected designation.

2025, opposing Plaintiffs-Appellees' motion for preliminary injunction, and filing multiple supporting declarations, including Clausen's own sworn declaration of January 15, 2025. Appx0140-195; Appx372-452; ECF Nos. 43 at 1-14; 47 at 1-14[3]. At no point during this period did Clausen disclose, or even hint at, the existence of the pending bankruptcy. Appx1123.

#### c. Notice of the Bankruptcy, Clausen's Request for a Stay, and Plaintiffs-Appellees' Compliance

Only on February 11, 2025, after the original preliminary injunction motion had been fully briefed, did Clausen file a notice of the pending bankruptcy. ECF No. 40.[4] That notice did not ask the Court to dismiss the action; it specifically asked the Court to "stay the proceedings in the above-captioned matter until the bankruptcy proceeding is concluded, or until relief from stay is granted." ECF No. 40 at 2. The District Court granted exactly that relief on February 21, 2025, staying the matter in its entirety and dismissing the then-pending preliminary injunction motion. Appx0366-67. The District Court also ordered Clausen to "notify the Court file a status certificate on or before April 21, 2025, or within two (2) weeks after the bankruptcy proceedings have concluded, or whichever occurs first."

---

[3] Clausen omitted ECF No. 47 from the appendix pagination and only provides the PACER Transaction Receipt for ECF No. 43. ECF Nos. 43 and 47 are the sealed and un-sealed Declarations of Jonathan Clausen in Opposition to Plaintiffs' Motion for Preliminary Injunction.

[4] Clausen only included the PACER Transaction Receipt for ECF No. 40 – Clausen's own Notice of Pending Bankruptcy and Automatic Stay.

Appx0367. Notably, Clausen violated the order to stay by filing various pleadings during the stay, knowing Plaintiffs-Appellees could not respond, and violated the order requiring notification to the District Court. Appx0372-456; 1124; ECF Nos. 42-45; 47.[5]

Plaintiffs-Appellees' counsel had never been told of the bankruptcy before that notice, despite personally communicating with Clausen's counsel both before and after the Complaint was filed. Appx1123. Upon learning of it, Plaintiffs-Appellees immediately discontinued all motions and collection efforts against Clausen, as well as the entity defendants who were not themselves in bankruptcy, did not oppose Clausen's request for a stay, and took no further action of any kind, ceasing all filings, takedown requests, and communications with witnesses or purchasers of the infringing materials, for the duration of the bankruptcy proceeding. Appx1123-24.

#### d. Dismissal of the Bankruptcy and the Lifting of the Stay

Clausen's bankruptcy proceeding was dismissed and concluded on July 23, 2025 because Clausen failed to make the ordered payments, resulting in the dismissal of the bankruptcy. Appx0458; Appx0465; Appx1124. Even after dismissal, Plaintiffs-Appellees took no action, waiting additional months to allow

---

[5] Clausen has omitted ECF No. 47 from the appendix pagination and only provides the PACER Transaction Receipts for ECF Nos. 42-45.

Clausen to inform the Court of the dismissal himself, as the District Court's February 21, 2025 order had directed him to do. Appx0366-67; Appx1124. Clausen never did. Plaintiffs-Appellees ultimately filed the motion to lift the stay on September 19, 2025, Appx0457-58, and the District Court granted it on September 22, 2025. Appx0466-67.

No automatic stay of any kind was in effect after July 23, 2025, after the bankruptcy proceeding was concluded.

**e. The Renewed Motion for Preliminary Injunction, Built on Independent, Post-Dismissal Evidence**

The day after the stay was lifted, on September 23, 2025, Plaintiffs-Appellees filed a renewed motion for preliminary injunction. Appx0468-479. That motion did not rest only on the allegations in the original, dismissed motion; it rested on new and ongoing evidence of Clausen and the entity defendants' conduct developed entirely after the bankruptcy had concluded. Appx0468-519.

That evidence included: Plaintiffs-Appellees' registration, on June 17, 2025, of U.S. Trademark Registration No. 7,830,946 for HAMMERLESS IMPACT TECHNOLOGY (Appx0482); Clausen and the entity defendants' escalating public sales claims, advertising in March 2025 that they had sold "over 30,000" AR-Takedown Tools and, one month later, "over 40,000," despite having purchased only 16,296 units from Plaintiffs-Appellees, and that the tools are "Built by American veterans and machinists" (Appx0493-95); a new retail partnership

Clausen and the entity defendants announced on May 29, 2025 with Palmetto State Armory, publicized on Clausen and the entity defendants' own website (Appx0517); and a test purchase Goss made in early August 2025, which showed Clausen and the entity defendants had done no more than apply whiteout over Plaintiffs-Appellees' registered trademark on product packaging, whiteout that came off when the packaging was opened, revealing the trademark beneath (Appx0517-18).

That evidence also directly contradicted sworn representations Clausen made to the District Court on January 15, 2025, before the bankruptcy was ever disclosed, that he had "paid for all new packaging" to remove all reference to Hammerless Impact Technology and had experienced a "substantial delay in sales efforts" because of that repackaging. ECF No. 47 ¶¶ 27, 39[6]; Appx0517.

#### f. The Preliminary Injunction, Default, and Permanent Injunction

On December 11, 2025, the District Court granted Plaintiffs-Appellees' renewed motion for preliminary injunction against Clausen individually. Appx0567-70. Meanwhile, Clausen and the entity defendants' then-counsel moved to withdraw and was granted leave to do so on September 30, 2025. Appx0526-533. The entities were provided two weeks from the date of the September 30,

[6] Clausen has omitted ECF No. 47 from the appendix pagination.

2025 order to obtain counsel. *Id.* Clausen was later given another extension of 30 days to respond to the after-bankruptcy motion for preliminary injunction, because Clausen had not obtained counsel. Appx0554-55. At an October 23, 2025 status conference, the District Court instructed that the corporate defendants, Clausen Inc., AR-TT LLC, and Lilac City LLC, must obtain counsel or face default, and it repeated that instruction in writing. Appx0566. Even after all of the extensions, and the Court not entering default for even additional months, the entity defendants did not obtain counsel. The Clerk entered an order of default against them on January 5, 2026 (Appx0584), and the District Court entered judgment and a permanent injunction against all defendants on February 13, 2026 (Appx0667-77).

Clausen and the entity defendants remain in violation of the injunctions as well as other district court orders compelling compliance. Appx0567-70; Appx0607-10; Appx0667-77.

**g. New Counsel, the Motion to Vacate, and the Order on Appeal**

New counsel for Clausen and the entity defendants appeared in March 2026. Appx729-734. On March 5, 2026, that counsel told Plaintiffs-Appellees' counsel he intended to "drop an atomic bomb" on the case. Appx1124. On March 25, 2026, in knowing violation of the local rules, Clausen filed a significantly overlength motion to vacate Appx0766-868, which was subsequently stricken Appx868. Following the order striking the original overlength motion, on March 30, 2026,

Clausen re-filed the motion to vacate at issue in this appeal and improperly removed arguments from his original motion to vacate into a purported declaration, invoking Federal Rule of Civil Procedure 54(b) and the District Court's inherent authority to reconsider its own interlocutory orders, seeking an order vacating and dismissing, *nunc pro tunc*, all claims, motions, orders, and proceedings against him. Appx0869-1085. Plaintiffs-Appellees opposed the motion on April 13, 2026 Appx1087-1126, and Clausen replied on April 20, 2026 Appx1159-1188. The District Court denied the motion on April 29, 2026, the order now on appeal. Appx0001; Appx1483-1485.

Relevant to Clausen's demand for remand to a new judge, is that fact that Clausen and his counsel have found themselves facing a notice to show cause as to why counsel for Clausen and the entity defendants should not have *pro hac vice* status revoked for multiple direct violations of decorum and practices in the district court. Appx1360-62.

## SUMMARY OF THE ARGUMENT

This Court lacks jurisdiction to reach most, if not all, of this appeal. Clausen's sole basis for jurisdiction is 28 U.S.C. § 1292(a)(1), which reaches only the District Court's refusal to dissolve or modify the preliminary injunction against him, filed and entered only after the bankruptcy matter was dismissed. It does not reach the rulings on the automatic stay, annulment, withdrawal, or judicial

estoppel, none of which is final. Clausen's own chosen vehicle confirms this. He invoked Rule 54(b), which certifies already-adjudicated claims for appeal; it does not authorize dismissal of a live claim, and it identifies no final judgment as to him that could support broader review.

If this Court reaches the merits, Clausen's arguments fail on the record. He treats this case as a simple application of *Schwartz*'s void ab initio rule, but the facts are not simple. Clausen breached a prior settlement with Plaintiffs-Appellees, received a demand letter detailing that breach, and filed his Chapter 13 petition weeks later, before Plaintiffs-Appellees' complaint was even filed. He then litigated this action for two months, answering, opposing the preliminary injunction motion, and filing his own counterclaim, without ever disclosing the bankruptcy. When he finally did, he asked the District Court to stay the case, not dismiss it, and the Court gave him exactly that relief. He cannot now fault Plaintiffs-Appellees or the Court for not taking the one step his own request foreclosed. Clausen also continued litigation in district court for multiple months after the stay was lifted, including filing for continuances, obtaining electronic case filing authorization, and filing declarations; Clausen's own conduct is at best inequitable. Plaintiffs-Appellees, for their part, had no knowledge of the bankruptcy, took no action during the ten days before the stay issued, and took no action at all until the bankruptcy was dismissed and the stay was lifted.

Clausen's remaining procedural arguments fare no better. Because this civil action was never referred to a bankruptcy judge, there was no reference to withdraw under § 157(d), and the District Court retained its own jurisdiction to determine the stay's effect on its docket. Because Plaintiffs-Appellees' opposition expressly invoked § 362(d) and sought the relief granted, and Clausen had full notice and an opportunity to respond, any defect in the form of that request was harmless. And because judicial estoppel is a general equitable doctrine independent of any Bankruptcy Code provision, *Law v. Siegel* and *Ahlers*, which restrict only equity used to override an express statutory command, do not bar its application here.

Finally, reassignment is unwarranted. Clausen's ten pages of grievance amount to disagreement with properly reasoned rulings, not the kind of demonstrated bias or repeated abdication of independent judgment this Court and the Ninth Circuit have required before ordering a new judge.

## ARGUMENT

### A. Standard of Review

This Court applies its own law to determine the scope of its own appellate jurisdiction. *Entegris, Inc. v. Pall Corp.*, 490 F.3d 1340, 1343 (Fed. Cir. 2007) (quoting *Woodard v. Sage Prods.*, 818 F.2d 841, 844 (Fed. Cir. 1987)). On other issues, this Court applies its own law to matters unique to or intimately involved

with patent law, and the law of the regional circuit, here the Ninth Circuit, to other procedural and substantive issues, including the Bankruptcy Code's automatic stay. *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 830 F.3d 1335, 1338 (Fed. Cir. 2016); *VersaTop Support Sys*., *LLC v. Georgia Expo, Inc.*, 921 F.3d 1364, 1368 (Fed. Cir. 2019).

Whether the automatic stay was violated is a question of law reviewed de novo. *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1213 (9th Cir. 2002). A bankruptcy court's, or bankruptcy appellate panel's, interpretation of a federal statute, including whether withdrawal of a reference under 28 U.S.C. § 157(d) was required, is likewise reviewed de novo. *Curtis v. Shpak (In re Curtis)*, 571 B.R. 441, 444 (B.A.P. 9th Cir. 2017). Whether cause exists to grant retroactive relief from the automatic stay is reviewed for abuse of discretion. *Nat'l Env't Waste Corp. v. City of Riverside (In re Nat'l Env't Waste Corp.)*, 129 F.3d 1052, 1054 (9th Cir. 1997).

A request for reassignment to a different judge on remand is not review of a ruling below; this Court determines the question itself under its supervisory authority pursuant to 28 U.S.C. § 2106, applying the three-factor test adopted from *Smith v. Mulvaney*, 827 F.2d 558, 562-63 (9th Cir. 1987). *TriMed, Inc. v. Stryker Corp.*, 608 F.3d 1333, 1343-44 (Fed. Cir. 2010).

### B. This Court Lacks Jurisdiction to Determine Clausen's Appeal

At the outset, this Court can dismiss this appeal for lack of jurisdiction. "By statute, this court has jurisdiction over an appeal of a decision of a district court if it is 'final' under 28 U.S.C. § 1295(a)(1) or if it is an interlocutory order ***as specified*** in 28 U.S.C. § 1292." *Orenshteyn v. Citrix Sys., Inc.*, 691 F.3d 1356, 1357 (Fed. Cir. 2012) (emphasis added). Section 1292(a) provides that the courts of appeals have jurisdiction over "interlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify ***injunctions***, except where a direct review may be had in the Supreme Court."[7] 28 U.S.C. § 1292(a) (emphasis added). The Supreme Court has stated, in general, that Section 1292(a) should be narrowly construed. *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84, 101 S. Ct. 993, 67 L. Ed. 2d 59 (1981) (internal citations omitted).

Under Federal Circuit law, a district court's denial of a motion to vacate is generally not appealable unless the underlying decision being challenged is itself final or falls within a recognized exception allowing for interlocutory review. *Nystrom v. TREX Co.*, 339 F.3d 1347, 1351 (Fed. Cir. 2003). The Federal Circuit's appellate jurisdiction is strictly governed by the "final judgment rule" codified in

---

[7] 28 U.S.C. § 1292(b) provides for interlocutory appeals that are certified by the district court as containing "a controlling question of law." That section is inapplicable to this appeal because the district court made no such certification.

28 USC § 1295, which mirrors the finality standards of 28 USC § 1291. *See id*. at 1350. Consequently, an order that does not dispose of all claims and all parties is not final and cannot be appealed immediately unless it is certified under Federal Rule of Civil Procedure 54(b) or meets the statutory criteria for an interlocutory appeal. *Id.* at 1351.

Furthermore, a motion to vacate under Fed. R. Civ. P. 54(b) is the mechanism district courts utilize for the ongoing revision of interlocutory orders. Fed. R. Civ. P. 54(b). It is ***not*** a mechanism for the dismissal or vacatur of a complaint or a party's claims, which is governed by other Federal Rules of Civil Procedure. *See e.g.*, Fed. R. Civ. P. 12; Fed. R. Civ. P. 56.

Here, the only order Clausen appeals is the denial of his motion to vacate and dismiss "all claims, motions, orders, and proceedings against Clausen," filed under Fed. R. Civ. P. 54(b). Appx0001; Appx0875. As an initial matter, that motion did not, and could not, seek dismissal of any claim or complaint: Rule 54(b) supplies no such power, no independent rule authorizing dismissal was ever invoked below, and no final judgment as to Clausen individually was ever entered for Rule 54(b) to certify. To the extent Clausen appeals the denial of dismissal of the claims against him, that denial is neither final under § 1295(a)(1) nor within any interlocutory exception under § 1292, and this Court lacks jurisdiction to review any argument regarding dismissal of the complaint or claims against

Clausen.

Nor does Clausen's request to vacate every other "motion[], order[], and proceeding[]" entered against him fare any better. None of those rulings, whatever they may be, is an injunction, and none is a final judgment. This Court accordingly lacks jurisdiction over the denial of vacatur as to any order, motion, or proceeding other than the preliminary injunction itself.

The only portion of the April 29, 2026 order potentially capable of supporting jurisdiction at all is its refusal to dissolve or modify the preliminary injunction ordered against Clausen,[8] the sole basis available under § 1292(a). But even that basis fails here. The preliminary injunction against Clausen individually was entered December 11, 2025, on a renewed motion filed September 23, 2025. Appx0468-519; Appx0567-570. The bankruptcy proceeding was dismissed and concluded on July 23, 2025, and the District Court lifted its court-ordered stay on September 22, 2025. Appx0466-67. The preliminary injunction was sought and entered only after the stay no longer existed. Clausen identifies no error in the injunction on its own terms, likelihood of success, irreparable harm, or the balance

---

[8] Clausen has no standing in his individual capacity to appeal this Court's grant of a permanent injunction against the company defendants. *Pacetti v. United States*, 50 Fed. Cl. 239, 244 (2001); *Sawmill Prods., Inc. v. Cicero*, 477 F. Supp. 636, 639 (N.D. Ill. 1979) ("federal courts considering this question uniformly have denied standing to individual plaintiffs") (*citing Smith v. Martin*, 542 F.2d 688, 690 (6th Cir. 1976), *cert. denied*, 431 U.S. 905 (1977); *Erlich v. Glasner*, 418 F.2d 226, 227 (9th Cir. 1969)).

of hardships, and raises no argument that the stay affected the ruling, because it could not have: there was no stay in effect when the preliminary injunction was considered and entered.

This Court accordingly lacks jurisdiction over any portion of this appeal beyond the injunction itself, and no injunctive ruling here was entered while any stay was in place. For this reason, this Court may deny Clausen's appeal for lack of jurisdiction.

### C. Clausen's Conduct Forecloses the Relief He Seeks

Should this Court reach Clausen's remaining arguments, they fail. Clausen's Section III relies almost entirely on *Dam v. Waldron*, No. 25-2459, 2026 U.S. App. LEXIS 8117, at *3 (9th Cir. Mar. 19, 2026), for the proposition that a post-petition complaint is void and must be dismissed. *Dam* arose on a motion to dismiss, filed while the claims were still pending, asking the court whether a complaint filed in violation of the automatic stay should be dismissed. *Dam v. Waldron*, No. 2:24-CV-00417-SAB, 2025 U.S. Dist. LEXIS 68202, at *5 (E.D. Wash. Apr. 9, 2025). Clausen never filed a motion to dismiss. In fact, he specifically requested the district court stay the district court action pending the bankruptcy. ECF No. 40.[9] He waited until after the preliminary injunction issued against him and the entity

[9] Clausen only provided the PACER Transaction Receipt for his Notice of Pending Bankruptcy and Automatic Stay, in his paginated designation.

defendants had already defaulted, then moved under Rule 54(b), a rule that certifies already-decided claims as final, it does not dismiss live ones. Fed. R. Civ. P. 54(b); Appx1171 (motion to vacate "plain[ly] brought under Rule 54(b)). *Dam*'s holding on a motion to dismiss does not answer whether Rule 54(b), invoked long after judgment, can unwind proceedings that rule was never built to reach.

Clausen also treats this as a simple void-ab-initio case. It is not. Clausen was already in litigation with Plaintiffs-Appellees over the same trademark infringement and breach of contract before he ever filed for bankruptcy. Appx0106. That prior action settled in June 2024 and was dismissed in exchange for Clausen's written agreement to cease infringing and to cease claiming ownership of Plaintiffs-Appellees' trademarks and patents. *Id.*; Appx0485. He broke that promise and breached the agreement almost immediately. Appx0487-490. Plaintiffs-Appellees sent a demand letter on September 16, 2024, laying out the exact breaches now sued on. Appx0489. Five weeks later, on October 24, 2024, Clausen filed his Chapter 13 petition. ECF No. 40.[10] Six weeks after that, Plaintiffs-Appellees filed this action, with no knowledge of the bankruptcy. Appx0006-56. Clausen litigated it for two more months, an answer, opposition to the preliminary injunction motion, a counterclaim, multiple motions, without ever

[10] Clausen only provided the PACER Transaction Receipt for his Notice of Pending Bankruptcy and Automatic Stay, in his paginated designation.

mentioning the bankruptcy to Plaintiffs-Appellees or the Court. Appx0140-95; 372-452. He disclosed it only after the original preliminary injunction motion was fully briefed. ECF No. 40.[11] The district court action was stayed as specifically requested by Clausen, and no action was taken against Clausen until well after the bankruptcy case was dismissed and the stay was lifted. Appx0366-67; Appx1123-24. None of Clausen's cases involves a debtor with this history.

Clausen's own conduct below is also inconsistent with the relief he now wants. When his then-counsel finally disclosed the bankruptcy, he did not ask the District Court to dismiss the action as void. He asked the Court to "stay the proceedings in the above-captioned matter until the bankruptcy proceeding is concluded, or until relief from stay is granted."

The District Court granted exactly that, staying the case and dismissing the pending preliminary injunction motion. Appx0366-67. From that point on, Plaintiffs-Appellees were barred from filing anything, including any motion to dismiss. Clausen cannot fault Plaintiffs-Appellees or the Court for not taking a step his own stay request made impossible. He asked for a pause, got one, and now argues a year later that dismissal was the only lawful option all along.

Clausen's own participation in this action makes it worse. He did not just

---

[11] Clausen only provided the PACER Transaction Receipt for his Notice of Pending Bankruptcy and Automatic Stay, in his paginated designation.

delay disclosure. He filed an Answer and Counterclaim on January 24, 2025, asserting his own affirmative claims against Plaintiffs-Appellees for breach of the settlement agreement, while sitting on a bankruptcy petition he had filed three months earlier. Appx0140-195; Appx372-452. He did not disclose it until February 11, 2025, after the preliminary injunction motion was fully briefed. Clausen also proceeded with additional filings after the order staying the district court was granted, and when Clausen knew Plaintiffs-Appellees could not respond. Appx0372-456; 1124. Courts have long held that a debtor cannot invoke the stay's protections where his own unreasonable delay in disclosing it, while actively litigating the very case it would have stopped, caused the problem he now complains of. *See In re Calder*, 907 F.2d 953, 956-57 (10th Cir. 1990) (debtor could not use the automatic stay "as a trump card" where his own delay in asserting it, while actively litigating, contributed to his plight). Clausen also continued litigation in district court for multiple months after the stay was lifted, including filing for continuances, obtaining electronic case filing authorization, filing declarations, and attending a status conference; Clausen's own conduct is inequitable at best. Appx0534-536; Appx0558-566; 0623-24.

Clausen argues separately that voiding everything serves the stay's purposes, breathing room for the debtor and consolidating claims in one forum. Those purposes were already satisfied. Plaintiffs-Appellees took no action for the ten

days before the District Court entered the stay Clausen asked for, and no action at all while the bankruptcy was pending. Appx1123-24. Clausen got the breathing room the stay is meant to provide, for as long as the bankruptcy lasted. No action was taken or pursued following the stay, until well after the bankruptcy matter was dismissed; thus there is no "breathing room" he wants now. Voiding proceedings that never interfered with that breathing room does not vindicate anything, it just hands him a windfall. The consolidation purpose fares no better: nothing in this record shows any other creditor going after Clausen's assets through this action, and the case sat dormant the entire time the bankruptcy was pending, which is the only period that purpose would matter.

Clausen's final argument is that Plaintiffs-Appellees violated an affirmative duty to discontinue this action, first by not acting unilaterally during the ten days before the stay order, and again by moving to lift that stay in September 2025 after the bankruptcy matter was dismissed, do not hold up under any review or scrutiny. On the first point, *Eskanos* does not support Clausen. The delay this Court found unjustified in *Eskanos* was 23 days of silence, refused phone calls, and ignored written requests to dismiss, with no explanation offered at any point. 309 F.3d at 1212-13, 1215-16. Here, Plaintiffs-Appellees did nothing contrary during the ten days between notice and request to stay and the stay order – as Clausen requested – did not oppose Clausen's request, and the Court granted it. Clausen does not say

what more Plaintiffs-Appellees should have done when he had already asked the Court to stay the case himself, and nothing here resembles *Eskanos's* pattern of refusal and silence.

On the second point, Plaintiffs-Appellees' motion to lift the stay, filed September 19, 2025, and granted September 22, 2025, violated nothing. Clausen's bankruptcy had already been dismissed. The automatic stay terminates by operation of law the moment the underlying case is dismissed. 11 U.S.C. § 362(c)(2)(B). There was no stay to violate. S*ee Lomagno v. Salomon Bros. Realty Corp. (In re Lomagno)*, 320 B.R. 473, 482 (B.A.P. 1st Cir. 2005) (creditor's post-dismissal motion for relief did not violate a stay already terminated by dismissal); In re De Jesus Saez, 721 F.2d 848, 853-54 (1st Cir. 1983) (same).

None of this supports the relief Clausen seeks. *Dam* addressed a motion to dismiss filed while claims were still live; Clausen invoked Rule 54(b) only after judgment was already entered. He asked for a stay, not dismissal, and cannot fault Plaintiffs-Appellees for not taking a step he foreclosed. He concealed his bankruptcy while actively litigating this case and filing his own counterclaim in it. He got the full benefit of the stay while it lasted and shows no harm to any purpose he now invokes. And Plaintiffs-Appellees did nothing wrong at any point, not in the ten days before the stay, not during the bankruptcy, not in moving to lift the stay after it was dismissed. Clausen's arguments give this Court no basis to vacate

anything.

### D. Clausen's Referral Argument Rests on a Reference That Never Existed

Clausen argues that only the bankruptcy judges of this district could pass on the effect of the automatic stay, that the District Court lacked authority to act at all, and that even if it could act, it never satisfied § 157(d)'s requirements for withdrawing a reference. Both arguments fail as they are premised on the assumption of something that never happened: that this civil action was ever referred to a bankruptcy judge in the first place.

#### 1. This Action Was Never Referred, So There Was Nothing to Withdraw

A bankruptcy court's authority over any matter is not free-standing. "The bankruptcy court's jurisdiction over such matters is purely and solely derivative of the district court's jurisdiction," and "the bankruptcy court's power to hear... bankruptcy cases and proceedings is entirely dependent upon the referral by the district court." *Curtis v. Shpak (In re Curtis)*, 571 B.R. 441, 447-48 (B.A.P. 9th Cir. 2017). Absent a referral, a bankruptcy court has no jurisdiction over a matter at all, a principle so fundamental that any contrary reading would raise constitutional problems under *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982). *Id.* at 447.

This civil action, a trademark, design patent, and breach of contract suit

against Clausen and three corporate co-defendants, was never referred to the bankruptcy judges of this district under Local Civil Rule 83.5(a). It was never filed in, removed to, or made part of Clausen's Chapter 13 case, No. 24-01739-FPC13. It remained on the District Court's own civil docket. There was accordingly no bankruptcy-court proceeding for the District Court to withdraw, and § 157(d)'s motion-and-cause requirements, which by their own terms govern "withdraw[ing]... any case or proceeding referred under this section," 28 U.S.C. § 157(d), had nothing to operate on.

### 2. *Canter* and *Simmons* Involved Withdrawal From Matters Already Pending Before a Bankruptcy Judge

Clausen's own authority confirms the distinction. In *In re Canter*, the debtor's Chapter 13 case was pending before the bankruptcy court, which had already assumed jurisdiction and lifted the stay to permit a related unlawful detainer action to proceed; the district court then reached into that active administration and withdrew the reference without articulating cause. 299 F.3d 1150, 1153-54 (9th Cir. 2002). *In re Simmons* is the same pattern: the district court withdrew the debtor's entire Chapter 7 case, mid-administration, the same day a bankruptcy judge's contempt recommendation was assigned to a district judge. 200 F.3d 738, 741-43 (11th Cir. 2000). Both reversals rest on a district court disturbing a matter a bankruptcy judge was actively handling. Neither addresses, because neither presented, a district court determining the effect of a stay on a civil action

that was never referred to begin with. There is no reference to withdraw where none was ever made.

### 3. The District Court Had Independent Jurisdiction to Determine Whether the Stay Applied to Its Own Docket

Separately, and consistent with the majority rule across the circuits, a district court retains jurisdiction to determine whether an automatic stay applies to litigation pending before it and to enter orders consistent with that determination, without withdrawing any reference. *Arnold v. Garlock Inc.*, 288 F.3d 234, 236 (5th Cir. 2002) (collecting authority from the Second, Third, Fifth, Sixth, Seventh, Eighth, and Tenth Circuits for the proposition that "the district court has jurisdiction to determine the applicability of the automatic stay... to proceedings before it," and "to enter orders not inconsistent with the terms of the stay"). That is the full extent of what the District Court needed, and did, here: determine whether, and for how long, Clausen's personal stay barred continued prosecution of this action, and manage its own docket accordingly.

### 4. The District Court's Order Does Not Require Resolving Who Held Annulment Authority

To the extent the District Court's order is read as doing more than determining the stay's applicability, actually granting retroactive relief under § 362(d), that step is unnecessary to sustain the result, for two independent reasons already before this Court. First, by the date of the only action Clausen identifies

after the stay was entered, Plaintiffs-Appellees' September 19, 2025 motion and the Court's September 22, 2025 order, Clausen's bankruptcy had already been dismissed, and the automatic stay terminates by operation of law immediately upon dismissal of the underlying case. Appx0457-467; 11 U.S.C. § 362(c)(2)(B). There was no stay left for anyone, bankruptcy judge or district judge, to annul. Second, as to the period before dismissal, Clausen's own conduct, concealing the petition for months while actively litigating this action, filing an Answer and Counterclaim in it, forecloses his reliance on the stay as a matter of equity independent of any statutory annulment analysis. *See In re Calder*, 907 F.2d at 956-57. As does Clausen's months of inequitable conduct after the stay was lifted, including filing for continuances, obtaining electronic case filing authorization, filing declarations, and attending a status conference.

Clausen identifies no authority holding that a district court's determination of a stay's applicability to its own docket, where the underlying civil action was never referred to a bankruptcy judge, requires the withdrawal procedure set out in § 157(d). Because that procedure presupposes a referral that never occurred here, Clausen's arguments supply no basis for disturbing the order below.

### E. Clausen Had Notice of, and a Full Opportunity to Oppose, the Relief the District Court Granted

Clausen's final procedural argument is that even setting aside who had authority to act, the District Court never satisfied § 362(d)'s own requirements, a

request from a party in interest, notice, and a hearing, before treating the proceedings against him as valid. The record does not support Clausen's arguments.

### 1. Plaintiffs-Appellees' Opposition Expressly Sought the Relief the District Court Granted

Section 362(d) authorizes relief from the stay "[o]n request of a party in interest and after notice and a hearing." 11 U.S.C. § 362(d). Clausen's own motion to vacate put the validity of the proceedings against him squarely before the District Court, asking the Court to dismiss "all claims, motions, orders, and proceedings against Clausen" as void. Appx0875. Plaintiffs-Appellees' opposition answered that motion by invoking the very statutory mechanism Clausen now says was never triggered: "the automatic stay contains an authorization for annulling the stay," and Plaintiffs-Appellees were "entitled to a retroactive lifting of the stay." Appx1106. That is a specific request for relief under § 362(d), not a passing reference to the stay in the course of arguing something else.

This distinguishes the present case from the authority Clausen cites for the proposition that no proper request was ever made. In *Colon v. Rivera (In re Colon)*, the First Circuit found a due process violation because the parties' own pleadings and the court's own scheduling order framed the dispute exclusively as a "violation of stay issue," with no party ever raising retroactive relief as a possibility before the court granted it *sua sponte*. 265 B.R. 639, 644 (B.A.P. 1st Cir. 2001). Here, the

party who obtained the benefit of the ruling, expressly requested it in a filing served on Clausen, and Clausen filed a reply addressing that request before the District Court ruled. Appx1169-70. Clausen cannot claim the surprise that concerned the *Colon* court when the relief granted was the relief his own opponent's brief asked for, in terms, before any ruling issued.

### 2. Clausen Forfeited Any Objection to the Absence of a Separate Hearing by Never Requesting One

Section 362(d)'s reference to "notice and a hearing" does not require an actual hearing in every instance. The Bankruptcy Code defines that phrase to mean "such notice . . . and such opportunity for a hearing as is appropriate in the particular circumstances," and permits a court to act without an actual hearing if proper notice is given and no hearing is timely requested. 11 U.S.C. § 102(1)(A), (B). Clausen had notice of the relief Plaintiffs-Appellees sought through their opposition brief, filed a reply addressing it, and at no point asked the District Court for a hearing on the question, nor objected below to the absence of one before the Court ruled. Having had a full opportunity to be heard through briefing and never asked for more, Clausen cannot now fault the District Court for not providing a hearing he never requested.

### 3. Any Failure to File a Separate, Freestanding Motion to Annul Was Harmless

Clausen separately argues that Plaintiffs-Appellees' request was

procedurally deficient because it was not filed as a freestanding motion to annul. Even where such a motion is technically required, its absence does not require reversal where the resisting party had actual notice of the relief sought and a full opportunity to oppose it. The Eleventh Circuit confronted this argument in *In re Rajesh C. Patel*, where a bankruptcy court granted retroactive annulment of the automatic stay despite the requesting party never filing a separate motion as required by Federal Rules of Bankruptcy Procedure 4001 and 9014. 142 F.4th 1313, 1322-23 (11th Cir. 2025). The court held any such defect harmless under 28 U.S.C. § 2111, because the debtor had "notice of what the [requesting party] sought" and the court "held a hearing at which [the debtor] had sufficient opportunity to oppose the requested relief." *Id.* at 1323. The debtor could not, and did not, show that the missing motion had prejudiced him in any way. *Id.*

The same is true here. Clausen had notice of Plaintiffs-Appellees' request through the opposition brief, responded to it in his reply, and identifies no prejudice flowing from the absence of a separately captioned motion making the identical request his opponent's brief already made. Whatever procedural imperfection Clausen is attempting to create in the form of Plaintiffs-Appellees' request, it caused him no harm and provides no basis to disturb the result below.

### F. *Law v. Siegel* Does Not Bar a Doctrine It Never Addresses

Clausen argues that judicial estoppel could not properly validate the

proceedings against him because equitable relief from the Bankruptcy Code's automatic stay is confined to the mechanisms Congress provided, citing *Law v. Siegel*, 571 U.S. 415, 134 S. Ct. 1188 (2014), and *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 108 S. Ct. 963, 965 (1988). Both cases share a narrow, specific holding: a court may not use equitable powers to override a decision or entitlement the Code assigns elsewhere, creditors' statutory right to vote on a reorganization plan in *Ahlers*, 485 U.S. at 206-07, or a debtor's protected exemption in *Siegel*, 571 U.S. at 421-22. Neither case holds that equity has no role in bankruptcy proceedings generally. Clausen identifies no provision of § 362 assigning, to the exclusion of ordinary judicial doctrine, the question whether a debtor's own conduct forecloses reliance on the automatic stay.

Judicial estoppel is not an exercise of § 105(a) power or inherent sanctioning authority at all. It is a general, common-law equitable doctrine, applied by all federal courts regardless of subject matter, aimed at protecting "the integrity of the judicial process" and preventing parties from "playing fast and loose with the courts." *New Hampshire v. Maine*, 532 U.S. 742, 749-50, 121 S. Ct. 1808 (2001). It applies where a party's later position is clearly inconsistent with an earlier one the party successfully urged a court to accept, such that accepting the later position would risk inconsistent determinations, and where the party would gain an unfair advantage, or impose an unfair detriment on its opponent, absent estoppel. *Id.* at

750-51.

That is precisely this case. Clausen asked the District Court to stay these proceedings rather than dismiss them, obtained exactly that relief, and now argues, through new counsel and more than a year later, that dismissal was the only course ever available to the Court. Clausen himself then engaged in inequitable conduct with multiple filings after the stay was granted, and months of his own litigation after the stay was lifted and before he even demanded anything be dismissed or vacated. Accepting that reversal now would create the same risk of inconsistent determinations *New Hampshire v. Maine* identifies, since the stay itself, and everything that followed once it was lifted, rested on the position Clausen is now trying to abandon. *Siegel* and *Ahlers* restrict equity from displacing a specific statutory assignment; Clausen identifies no such assignment here, and the doctrine the District Court applied is not the bankruptcy-specific power those cases address.

### G. Disagreement with Adverse Rulings Is Not Grounds for Reassignment

Clausen devotes a substantial portion of his brief to arguing this case should be reassigned to a different judge on remand, citing the three-factor test this Court applies under regional circuit law. *TriMed, Inc. v. Stryker Corp.*, 608 F.3d 1333, 1343-44 (Fed. Cir. 2010) (quoting *Smith v. Mulvaney*, 827 F.2d 558, 563 (9th Cir. 1987)). Stripped of its length and significant use of adjectives, the argument amounts to a list of rulings the District Court made against Clausen over the course

of this litigation (while ignoring the multiple extensions and the orders in his favor and his violations of the same), each restated as purported evidence that the judge cannot be trusted to handle the case fairly on remand. The Ninth Circuit has consistently rejected exactly this kind of argument. The mere erroneous grant of a party's motion does not warrant reassignment where the judge otherwise treated the parties evenhandedly and with respect, even where the ruling itself reflected genuine legal error. *Krechman v. County of Riverside*, 723 F.3d 1104, 1112 (9th Cir. 2013) (citing *McSherry v. City of Long Beach*, 423 F.3d 1015, 1023 (9th Cir. 2005)). Reassignment has been ordered only on a showing of a demonstrated, repeated pattern, not isolated adverse rulings, such as a judge's own stated refusal to apply the correct legal standard on remand. *Manley v. Rowley*, 847 F.3d 705, 712-13 (9th Cir. 2017).

The cases establishing and applying this test confirm the distance between what Clausen offers and what the standard requires. In *Smith v. Mulvaney*, the Ninth Circuit reversed a grant of summary judgment after finding the trial judge had misapplied a settlement-approval standard, relied on judicial notice that could not bear the weight placed on it, and improperly substituted his own "settled belief" and "perception" of a party's culpability for the evidence in the record, a course the panel faulted for "confus[ing] his own knowledge with judicial notice." 827 F.2d at 561-62. Even having found that substantive error, the panel declined to

reassign, holding it found "no evidence of any personal bias" and no reason the judge could not "tak[e] a fresh approach to the case on remand free from any previously-expressed views or findings." *Id.* at 563.

By contrast, in *TriMed*, the Court ordered reassignment only after the same district judge had been reversed twice in the identical case for the identical failure, simply signing the prevailing party's proposed findings of fact and conclusions of law wholesale, without independent analysis, a practice the Ninth Circuit has specifically condemned as "the regrettable practice of adopting the findings drafted by the prevailing party wholesale." 608 F.3d at 1344 (quoting *Living Designs, Inc. v. E.I. Dupont De Nemours & Co.*, 431 F.3d 353, 373 (9th Cir. 2005)). That repeated, demonstrated abdication of independent judgment, not the mere fact of an adverse ruling, is what satisfied the first factor there.

Clausen's case resembles neither the isolated legal error in *Smith v. Mulvaney*, which did ***not*** warrant reassignment, nor the repeated wholesale adoption of a party's proposed order in *TriMed*, which did. Every ruling Clausen catalogs, the preliminary and permanent injunctions, the sanctions order, the denial of the motion to vacate, was supported by the District Court's own reasoned order. Clausen does not point to a single instance in which the District Court adopted a party's proposed findings without independent analysis, let alone a pattern of doing so. Disagreement with the outcome of properly reasoned rulings is not evidence of

the kind of fixed, improperly formed view, or demonstrated abdication of independent judgment, that has ever satisfied the Ninth Circuit's reassignment standard.

Nor would reassignment serve the interests the third factor protects. Judicial efficiency strongly counsels against reassignment where, as here, the original judge has already ruled on the bulk of the substantive matters in the case and is best situated to handle what remains on remand. *McSherry v. City of Long Beach*, 423 F.3d 1015, 1021-22 (9th Cir. 2005). That efficiency interest is not outweighed by anything Clausen has shown, since he has not established the kind of demonstrated pattern the first two factors require in the first place.

## CONCLUSION

For these reasons, this Court should dismiss for lack of jurisdiction so much of this appeal as challenges the District Court's rulings on the automatic stay, annulment, withdrawal, and judicial estoppel, and should affirm the remainder.

Dated: October 13, 2026

Respectfully submitted,



______________________________

Caleb Hatch, WSBA #51292

Attorney for Plaintiffs-Appellees

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2026, I caused the foregoing brief to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit using the CM/ECF system, which will send notice of such filing to all counsel of record.

s/ Caleb Hatch
CALEB HATCH, WSBA #51292
*Attorney for Plaintiffs-Appellees*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 2026-1918

**Short Case Caption:** Hammerless Tools LLC, Eight Eighteen LLC v. Jonathan Clausen

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

- [x] the filing has been prepared using a proportionally-spaced typeface and includes 7,945 words.
- [ ] the filing has been prepared using a monospaced typeface and includes ______ lines of text.
- [ ] the filing contains ______ pages / ______ words / ______ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. ______).

Date: 10/13/2026

Signature: *s/ Caleb Hatch*

Name: Caleb Hatch